UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HEATHER NUMBERS,**

    **Plaintiff,**

v.                                                      Case No.  8:07-cv-1955-T-30EAJ

**GEOVERA SPECIALTY INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss, Motion for More Definite Statement and Incorporated Memorandum of Law (Dkt. #4), and Plaintiff's Memorandum of Law In Opposition to Defendant's Motion to Dismiss and Defendant's Motion for More Definite Statement (Dkt. #6).  The Court, having considered the motion, response, memoranda, complaint, and being otherwise advised in the premises, concludes that Defendant's motion should be denied.

**Motion to Dismiss Standard Under 12(b)(6).**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Determining the propriety of granting a motion to dismiss requires courts to accept all the factual

allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted. *Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994). Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely "label" his claims. *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D. Fla. 1996). Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall County Bd. Of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**Motion for More Definite Statement Standard Under Rule 12(e).**

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." However, motions for a more definite statement are disfavored under the law. *Campbell v. Miller*, 836 F.Supp. 827, 832 (M.D. Fla. 1993). "A motion for a more definite statement should only be granted when the pleading to which the motion is directed is so ambiguous or vague that a party cannot be reasonably expected

to respond." *Eye Care Int'l., Inc. v. Underhill*, 92 F.Supp.2d 1310, 1316 (M.D. Fla. 2000). "Furthermore, a motion for more definite statement is not to be used as a substitute for discovery." *Id.*

## Discussion.

Defendant argues that Plaintiff's complaint fails to state a cause of action for breach of an insurance contract. First, Defendant complains that Plaintiff fails to allege the effective dates of the policy or provide the date of the alleged breach of the policy. Second, Defendant complains that Plaintiff fails to allege the cause of damage to Plaintiff's home. Finally, Defendant claims that Plaintiff cannot state a claim for breach of contract, because all benefits due under the policy have been paid.

In response, Plaintiff points out that a copy of the Declarations Page of the policy at issue is attached to the Complaint. The Declarations Page provides the effective dates of the policy. Further, Plaintiff alleges in paragraph 6 of the Complaint that the damage to her home occurred "while the policy was in full force and effect." Plaintiff also alleges in paragraph 7 of the Complaint that "the damage to Plaintiff's home was caused by a covered peril under the policy." Plaintiff's response is well taken.

Under Florida law, the elements for a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *J.J. Gumberg Co. v. Janis Services, Inc.*, 847 So.2d 1048, 1049 (Fla. 4th DCA 2003). After review of Plaintiff's Complaint and incorporated exhibit, the Court concludes that Plaintiff's Complaint contains sufficient information to state a cause of action for breach of contract and to allow Defendant to frame

a responsive pleading.  Further, Defendant's assertion that all benefits due under the policy have been paid is a question of fact that is not properly brought at the motion to dismiss stage.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss, Motion for More Definite Statement and Incorporated Memorandum of Law (Dkt. #4) is **DENIED**.

2. Defendant shall file an answer to Plaintiff's Complaint within twenty (20) days of the entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida on November 29, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-1955 mt dismiss 6.frm